[No. 2837.   Sept. 9, 1924]

READ, State Bank Examiner and Ex Officio Superintendent of Insurance, v. OCCIDENTAL LIFE INS. Co.

#### SYLLABUS BY THE COURT

Section 2, chapter 194, Laws of 1921, grants an exemption to domestic insurance companies from the tax therein mentioned.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Action by J. B. Read, State Bank Examiner and Ex Officio Superintendent of Insurance, against the Occidental Life Insurance Company. From a judgment for the latter the former appeals. Affirmed.

M. J. Helmick, Atty. Gen., for appellant.

A. B. McMillen and L. F. Lee, both of Albuquerque, for appellee.

#### OPINION OF THE COURT

PARKER, C. J.   Appellee recovered judgment against appellant for money which it had paid, under protest, as a tax on premiums collected by it on life insurance. Appellee claimed exemption from the tax under the provisions of section 2, chapter 194, Laws 1921, which claim was allowed by the court. This section is as follows:

"Every insurance company, partnership and association transacting business in this state, except domestic, mutual, co-operative or assessment associations, annually, before the first day of March of each year, shall pay to the state bank examiner two per cent. on the gross amount of premiums received or contracted for by it from business in this state for the last preceding year ending December 31st, less returned premiums and reinsurance in admitted companies, and no other tax shall be laid upon or collected from such companies, partnerships or associations, except for real estate held by them."

The interpretation of the section would seem to be plain. The first clause provides that every insurance "company, except domestic, mutual, co-operative, or assessment associations, shall pay the tax. The word "domestic" clearly refers to "company, partnership, and association." Then follows the other class of insurance companies, viz. "mutual, co-operative, or assessment associations." In other words, all domestic companies, partnerships, and associations are exempt from the tax. Then follows another class which is exempted, viz. "mutual, co-operative, or assessment associations." Whether the word "mutual" is used in such a broad sense as to include such mutual companies as the New York Life, the New York Mutual, and others, would seem to be doubtful; but this we need not decide, as it is not involved. The whole theory of these exemptions to domestic companies is that they bring money into the state, while foreign companies take money out of the state.

The Attorney General argued that there is a plain and well-recognized distinction between insurance "companies" and insurance "associations," and that the word "domestic" refers to the words "mutual, co-operate, or assessment associations," and not to companies named in the first part of the section. We cannot follow the arguments, as it antagonizes the whole theory of the exemption above outlined. We are not unmindful of the rule that exemptions from taxation are not favored, and that the exemption, in order to be available, must be clearly granted. We deem the section, however, sufficiently plain to extend the exemption to domestic insurance companies.

It follows that the judgment of the court below was correct and should be affirmed, and it is so ordered.

BRATTON and BOTTS, JJ., concur.